Russell, J.
(dissenting). This is a reargument of an appeal (271 App. Div. 452) taken by the claimant from a decision of the Workmen’s Compensation Board dated April 16, 1945, which board held that it had no jurisdiction to hear this claim because of the provisions of section 123 of the Workmen’s Compensation Law.
Edward J. Roder sustained accidental injuries on August 24, 1935. He continued to work until August 29, 1935, and was disabled until September 3, 1935, when he returned to work, and continued until his death on September 12, 1935. The widow filed a claim on September 23, 1935, for death benefits.
*839 After hearings the Referee by decision dated October 13, 1936, disallowed the claim on the ground of failure to establish a causal relationship. This decision was affirmed by the State Industrial Board on June 1 and June 8, 1937.
On August 17, 1942, claimant-appellant filed an application to reopen the claim herein. On November 16, 1942, this application was denied. Another application to reopen was made on November 23, 1942, and was granted on March 25, 1943. On April 16, 1945, the Workmen’s Compensation Board held that it was precluded from jurisdiction under the provisions of section 25-a and section 123 of the Workmen’s Compensation Law. The claim was closed on the previous decision of disallowance for lack of causal relationship.
The sole issue on this reargument is that of the board’s jurisdiction to reopen the claim and reconsider the merits of the question of causal relationship which was originally presented and passed upon in 1937, as a claim either against the employer and carrier or the Special Fund.
This question of jurisdiction arises because of the wording of section 25-a, the pertinent part reading as follows: “ * * * when an application for compensation is made by an employee or for death benefits in behalf of the dependents of a deceased employee, and the employer has secured the payment of compensation in accordance with section fifty of this chapter, (1) after a lapse of seven years from the date of the injury or death and claim for compensation previously has been disallowed or claim has been otherwise disposed of without an award of compensation, or (2) after a lapse of seven years from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation, or (3) where death resulting from the injury shall occur after the time limited by the foregoing provisions of (1) or (2) shall have elapsed, subject to the provisions of section one hundred and twenty-three of this chapter, testimony may be taken, either directly or through a referee and if an award is made it shall be against the special fund provided by this section.”
The application of August 17, 1942, to reopen the claim herein before the seven years had elapsed was timely under section 25-a and section 123. This application was denied on November 16, 1942, and no appeal was taken. The application to reopen made on November 23, 1942, after seven years had elapsed appears to be timely under section 25-a until read with section 123. The application made on November 23, 1942, must now face the interpretation which is to be given section 123 of the Workmen’s Compensation Law because of the words in section 25-a which state as follows: “ * * * subject to the provisions of section one hundred and twenty-three of this chapter * The evident meaning of these words is that when parts of section 25-a and section 123 are inconsistent with each other, then the provisions of section 123 control.
Section 123 reads as follows: “ The power and jurisdiction of the board over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just, except that, where the employer has secured the payment of compensation in accordance with the provisions of section fifty of this chapter, no claim for compensation or for death benefits that has been disallowed after a trial on the merits, or that has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident or death. Nor shall any award of *840 compensation or death benefits be made against the special fund provided in section twenty-five-a of this chapter or against an employer or an insurance carrier where application therefor is made after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation.”
It was the apparent intent of the Legislature under section 25-a to end all liability of the employer and carrier after seven years had elapsed, but permit the claimant to proceed against the Special Fund. As far as the employer and carrier are concerned the same intent of the Legislature follows in the first sentence of section 123. The right to proceed against the Special Fund as provided by section 25-a appears to have lost its effect when read with section 123 with regard to the facts in this claim, because of the exception embodied in section 123.
This claim had a trial on the merits and was disallowed. It was disposed of by a decision of the board without an award after parties in interest had been given due notice of a hearing in which testimony was taken. Under such conditions no claim can be reopened after a lapse of seven years from the date of the accident or death. It would appear that the intent of the Legislature was to prohibit the reopening of all claims coming within the exception contained in the first sentence of section 123 after a lapse of seven years either against the employer and carrier or as against the Special Fund.
The second sentence of section 323 could not have been intended to apply to claims coming within the exception contained in the first sentence. Such must be the construction of the wording of the second sentence, otherwise the exception contained in the first sentence is deprived of its meaning.
The action of the Workmen’s Compensation Board refusing to reopen the claim as to the employer and carrier and also as to the Special Fund should be affirmed.